RULEY, JUDGE:
The claimant seeks an award of $1,640.00 for loss of wages due to his unemployment from February 26, 1979, to May 7, 1979, caused by assurance given the claimant by George Snow, employed by the respondent as Communications Director, to the effect that the *242 claimant would be hired as a communications dispatcher beginning February 26, 1979. Acting on that assurance, given at an interview between the claimant and Mr. Snow at the Department of Highways Communication Center on February 13, 1979, the claimant quit his job at the Kanawha County Emergency Ambulance Authority effective February 23, 1979. On that same date the claimant called Mr. Snow, who said that although the claimant’s application was still “going through channels”, he thought the claimant could still begin work on February 26, 1979. The claimant called the Department of Highways Communication Center on February 26, 1979, and repeatedly thereafter, finally discovering in March that his application for employment had not been approved and that he had not been hired. On May 7, 1979, he went to work for the Marmet Ambulance Service. While he worked for the Kanawha County Emergency Ambulance Authority, the claimant’s salary was $656.00 per month, and it is on that figure that this claim is based.
Emory W. Burton, employed by the respondent as a Senior Highway Personnel Officer, testified about the Department of Highways’ hiring procedure. He stated that prospective employees are interviewed at the District level, then the application is forwarded to the Personnel Division and then to the Executive Division for final approval. He further testified that only the Executive Division has the authority to hire personnel, and that Mr. Snow in his capacity as a Communications Director positively did not have that authority.
“Generally, where a person deals with an agent, it is his duty to ascertain the extent of the agency * * * if the agent exceeds his authority the contract will not bind the principal.” 1A M.J. Agency, §24. Moreover, with a public officer, the State is bound only by authority actually vested in the officer, and his powers are limited and defined by its laws. Samsell v. State Line Dev. Co., 154 W.Va. 48, 174 S.E.2d 318 (1970). It is clear in this case that Mr. Snow, a public officer, did exceed his authority and had no right to hire the claimant or give assurance to that effect. While it is regrettable that the claimant believed and acted upon this assurance, the responsibility for it cannot be placed upon the respondent. Accordingly, this claim must be denied.
Claim disallowed.