PER CURIAM:
Claimant seeks lost wages and benefits by the failure of respondent *188 to give him a job pursuant to an alleged oral contract of employment. On August 13, 1982, claimant interviewed for a position as an Accountant II with respondent. The interview was conducted by Eileen Moye, who was then the manager of the financial office, and Dewey Randolph, the director of the financial office. Later that day, claimant was informed by Ms. Moye that he would have the job beginning August 18, 1982. Claimant, however, was informed on August 17, 1982, that he could not be given the position.
Upon being informed he would not be hired, claimant went to Ms. Moye’s office in order to secure an explanation. He asked for and received from Ms. Moye that explanation in writing. The statement said, in part:
“[o]n Friday, August 13, 1982, Mr. Danny Ankeny was advised by me that he would be employed as an accountant to fill a vacant position on August 18, 1982.
When I reported to work on August 16, I was told that we could not fill the position as yet because of the uncertainty of funding.”
Ms. Moye testified that she had been told to call claimant and offer him the job by Mr. Randolph, although neither of them had hiring authority. This authority was vested in the assistant state superintendent in charge of that office. It was through a conversation with the assistant superintendent, a Mr. Smith, that Ms. Moye learned that the position would not be filled at that time.
This Court has held previously that where a person deals with an agent, it is that person’s duty to determine the extent of the agency, and the State will not be bound where the agent exceeds his authority. Lavender vs. Dept. of Highways, 13 Ct.Cl. 241 (1980). It is apparent that respondent’s agent exceeded her authority when she informed claimant he would be hired, and therefore, no contract for employment was made. The Court must deny the claim.
Claim disallowed.