PER CURIAM:
Claimant was hired as a 30-day Emergency Employment Counselor I at the Beckley office of the Department of Employment Security on August 29, 1983. It was recommended by Beckley Job Service Manager, Larry Shyblosky, that claimant apply for a permanent position with Jennifer Childers of the Ronceverte Job Service office. Ms. Childers offered claimant a job, and in reliance on this oral contract, claimant relocated with her husband to Lewisburg on September 15, 1983. On September 22, 1983, claimant learned that the promise of employment had been withdrawn. The costs incurred by claimant for moving, rent, utilities, etc., amount to $2,040.00.
*305 Claimant, by her counsel, William Flanigan, and respondent, by its counsel, D.B. Daugherty, entered into a stipulation by which respondent admitted liability to claimant in the amount of $2,040.00.
The Court has held previously that where an individual deals with an agent, it is that individual’s duty to determine the extent of the agency, and the State will not be bound when the agent exceeds his authority. Lavender vs. Dept. of Highways, 13 Ct.Cl. 241 (1980). The Court, relying on Lavender, ruled more recently in Ankeny vs. Board of Education, CC-82-289, opinion issued October 31, 1984, that when respondent’s agent exceeded her authority in insuring claimant employment, no contract for employment was made.
It is the Court’s opinion that the facts so far presented do not disclose whether Ms. Childers had the authority to hire claimant, and whether or not she exceeded such authority. For this reason, the Court will set this claim for full hearing at the instance of either party.